UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: TIFFANY WALKER                                  CIVIL ACTION

                                                       No. 14-1505
                                                       c/w Nos. 14-1574, 14-1575, 14-1576
                                                       REF: 14-1574, 14-1575, 14-1576

                                                       SECTION I

### ORDER AND REASONS

Before the Court is a consolidated appeal[1] filed by Bank of America NA ("Bank of America" or "appellant") of two orders of the U.S. Bankruptcy Court in *In re Walker*, Bankr. Pet. No. 13-13039 (May 15, 2014).[2] The debtor in the bankruptcy proceedings, Tiffany Stevens Walker ("debtor"), has filed an opposition.[3] For the following reasons, the orders[4] of the U.S. Bankruptcy Court are **AFFIRMED**.

### BACKGROUND

Debtor filed a petition seeking Chapter 13 bankruptcy protection on November 1, 2013,[5] initially asserting in her proposed Chapter 13 plan that she was $35,000.00 behind on her mortgage payments to appellant.[6] Appellant objected to the plan on January 27, 2014, asserting that debtor was actually $49,831.98 in arrears.[7] Debtor apparently disagreed, as she filed a proof of claim on appellant's behalf on March 14, 2014, asserting a total amount of arrearage of

---

[1] R. Doc. No. 9.
[2] This order and reasons refers to any documents from the bankruptcy court's record as "Bankr. R. Doc. No. [#]," and to any documents from this Court's record on appeal as "R. Doc. No. [#]."
[3] R. Doc. No. 24.
[4] Bankr. R. Doc. Nos. 88, 89.
[5] Bankr. R. Doc. No. 1.
[6] Bankr. R. Doc. No. 5, at 2.
[7] Bankr. R. Doc. No. 23, at 2.

$20,000.00.[8] Debtor also amended her Chapter 13 plan three times, and each amended plan provided for $20,000.00 in arrears owed to appellant.[9] Appellant did not file its own proof of claim before the March 17, 2014 bar date,[10] and it did not object to the proof of claim that debtor filed on its behalf.

On April 1, 2014, appellant filed an objection to debtor's amended plan, this time asserting that debtor was actually $50,589.96 in arrears.[11] On the same date, appellant filed a motion for leave to file an after-bar-date amended proof of claim,[12] which was opposed by debtor and the trustee.[13] At a hearing on May 14, 2014, the bankruptcy court denied appellant's motion for leave to file an amended proof of claim after the bar date, overruled appellant's objections to debtor's plan, and confirmed the plan.[14] Appellant timely appealed the bankruptcy court's order denying the motion for leave to file an amended proof of claim[15] and the order confirming debtor's Chapter 13 plan.[16]

## STANDARD OF REVIEW

When reviewing the bankruptcy court's determination of whether to allow or disallow a proof of claim and whether to confirm a debtor's Chapter 13 plan, both of which are "core"

---

[8] Bankr. R. Doc. No. 108, at 1.
[9] *E.g.*, Bankr. R. Doc. No. 65, at 2; *see also* R. Doc. No. 9, at 11-13.
[10] *See* R. Doc. No. 9, at 10. "A creditor who fails to file its proof of claim before the bar date, and who fails timely to request an extension of time to file, . . . may not file a late claim and participate in the voting or distribution from the debtor's estate." *In re Kolstad*, 928 F.2d 171, 173 (5th Cir. 1991); *see also* Fed. R. Bankr. P. 3002(c).
[11] Bankr. R. Doc. No. 49, at 2.
[12] Bankr. R. Doc. No. 50. Additionally, appellant amended and supplemented its motion. *See* Bankr. R. Doc. Nos. 52, 76. Appellant also inadvertently filed a different amended proof of claim on May 14, 2014, which it immediately withdrew. *See* Bankr. R. Doc. Nos. 85, 86.
[13] Bankr. R. Doc. Nos. 69, 83.
[14] *See* Bankr. R. Doc. No. 107.
[15] Bankr. R. Doc. No. 88.
[16] Bankr. R. Doc. No. 89.

bankruptcy proceedings,[17] "the district court is bound to review the bankruptcy court's decision under the same standards that [an appellate court applies] to an ordinary district court opinion." *Coston v. Bank of Malvern* (*In re Coston*), 991 F.2d 257, 261 n.3 (5th Cir. 1993) (citing *Griffith v. Oles* (*In re Hipp, Inc.*), 895 F.2d 1503, 1517 (5th Cir. 1990)). When reviewing the bankruptcy court's findings of fact, the district court applies the clearly erroneous standard. *AT&T Universal Card Servs. v. Mercer* (*In re Mercer*), 246 F.3d 391, 402 (5th Cir. 2001) (en banc). "If a finding is not supported by substantial evidence, it will be found to be clearly erroneous." *Westcap Enters. v. City Colls. of Chi.* (*In re Westcorp Enters.*), 230 F.3d 717, 725 (5th Cir. 2000) (internal quotation marks omitted). A bankruptcy court's factual findings will be reversed only if, after considering all of the evidence, the appellate court is "left with the definite and firm conviction that a mistake has been committed." *In re Luhr Bros., Inc.*, 325 F.3d 681, 684 (5th Cir. 2003) (internal quotation marks omitted); *Norris v. First Nat'l Bank in Luling* (*In re Norris*), 70 F.3d 27, 29 (5th Cir. 1995). "Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous." *In re Luhr Bros.*, 325 F.3d at 684.

The district court reviews the bankruptcy court's conclusions of law and mixed questions of fact and law de novo. *Universal Seismic Assocs., Inc. v. Harris County* (*In re Universal Seismic Assocs., Inc.*), 288 F.3d 205, 207 (5th Cir. 2002); *In re Mercer*, 246 F.3d at 402; *Century Indem. Co. v. Nat'l Gypsum Settlement Trust* (*In re National Gypsum Co.*), 208 F.3d 498, 504 (5th Cir. 2000). "'When reviewing mixed questions of law and fact, [we] reverse only if the findings are based on a misunderstanding of the law or a clearly erroneous view of the facts.'" *Nationwide Mut. Ins. Co. v. Dunning*, 252 F.3d 712, 716 (5th Cir. 2001) (quoting *Tokio Marine & Fire Ins. Co. v. FLORA MV*, 235 F.3d 963, 966 (5th Cir. 2001)).

---

[17] *See* 28 U.S.C. § 157(b)(2)(A) and (B).

Decisions that are within the bankruptcy court's discretion or decisions based upon equitable grounds are reviewed for abuse of discretion. *See In re Coastal Plains*, 179 F.3d 197, 205 (5th Cir. 1999); *Kolstad*, 928 F.2d at 173. However, "'[t]he abuse of discretion standard includes review to determine that the discretion was not guided by erroneous legal conclusions.'" *Coastal Plains*, 179 F.3d at 205 (quoting *Koon v. United States*, 518 U.S. 81, 100 (1996)).

## DISCUSSION

### I. Denial of Leave To File an Amended Proof of Claim After the Bar Date

The parties agree, and the Fifth Circuit has established, that a bankruptcy court has the discretion to allow a creditor to amend a debtor-filed proof of claim after the bar date pursuant to its equitable powers.[18] *See Kolstad*, 928 F.2d at 175; *see also* 11 U.S.C. § 105(a) ("The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title.").[19] The question before the Court is whether the bankruptcy court abused its discretion. *See Kolstad*, 928 F.2d at 175.

In *Kolstad*, the Fifth Circuit reviewed the bankruptcy court's decision (affirmed by the district court) to allow the IRS an opportunity to file an amendment to the debtor's timely filed proof of claim after the bar date had passed. *See Kolstad*, 928 F.2d at 172. The Fifth Circuit noted that courts often consider five factors when determining whether to allow such an amendment: (1) whether the debtors and creditors relied upon the earlier proof of claim or whether they had reason to know that later proofs of claim would follow; (2) whether the other creditors would receive a windfall to which they are not entitled if the court disallowed the

---

[18] R. Doc. No. 9, at 19; R. Doc. No. 24, at 15.
[19] The Court notes that *Kolstad* "is not universally accepted." *In re Oscar*, No. 04-18900F, 2005 WL 6522763, at *5 (Bankr. E.D. Pa. Apr. 14, 2005) (citing *In re Hamilton*, 179 B.R. 749 (Bankr. S.D. Ga. 1995)). However, it has not been overruled or otherwise modified by the U.S. Court of Appeals for the Fifth Circuit and this Court is bound to follow it.

4

amendment; (3) whether the creditor intentionally or negligently delayed in filing the proof of claim stating the amount owed; (4) the justification, if any, for the creditor's failure to request an extension of time for the submission of further proofs pending an audit; and (5) whether any other equitable consideration should be taken into account. *Id.* at 175 n.7. "[T]hese considerations are overlapping and seem to subsume two general questions: (1) whether [the creditor] is attempting to stray beyond the perimeters of the original proof of claim and effectively file a 'new' claim that could not have been foreseen from the earlier claim or events such as an ongoing or recently commenced audit; and (2) the degree and incidence of prejudice, if any, caused by [the creditor]'s delay." *Id.*

Appellant argues that its proposed amended proof of claim was "not a new claim" but "merely a correction of the amount listed on the proof of claim Debtor filed on Bank of America's behalf,"[20] that "the amendment would not be unfair to other creditors,"[21] and that "permitting the amendment of the claim clearly would have caused no surprise to any party."[22] However, in its briefing before this Court, appellant does not offer any justification for its failure to timely file an amended proof of claim or its failure to seek leave for additional time within which to do so.[23]

In its motion before the bankruptcy court, appellant stated only that it "requires that all Proof of Claims go through an internal approval process by its office to assure accuracy of the claim before Counsel for Creditor can file [the] same into the claims register."[24] The bankruptcy

---

[20] R. Doc. No. 9, at 20.
[21] R. Doc. No. 9, at 21.
[22] R. Doc. No. 9, at 21.
[23] *Cf.* R. Doc. No. 9, at 10 (acknowledging that "Bank of America did not file a proof of claim before the deadline" without any explanation).
[24] Bankr. R. Doc. No. 50, at 2.

5

court found that this explanation was unsatisfactory,[25] and it concluded that it would not "let the internal procedures of Bank of America govern when proofs of claim are filed or when they're to be amended."[26] In the absence of *any* substantial justification by appellant for its failure to timely amend the debtor-filed proof of claim, this Court does not find that the bankruptcy court abused its discretion in denying leave to file an untimely amendment.

Appellant argues that the bankruptcy court's denial of its motion for leave to amend "will result in limiting the amount of [a secured creditor's claim] to whatever amount the Debtor alleged" if such secured creditor chooses not to file a proof of claim.[27] Such argument ignores the fact that appellant had ample opportunity to protect its rights.

Debtor claimed a lower amount of arrearages in her first proposed plan on November 1, 2013,[28] and appellant had more than four-and-a-half months between the initial bankruptcy filings and the bar date in which to confer with debtor's counsel[29] and/or file its own proof of claim. Appellant's status as a secured creditor does not absolve it of its responsibility to diligently protect its claim and abide by the bankruptcy court's deadlines. The Court does not interpret *Kolstad* to permit a secured creditor to ignore deadlines at will and without justification.

---

[25] *E.g.*, Bankr. R. Doc. No. 107, at 19-20 ("Bank of America didn't do anything to get the proof of claim filed timely and they blame their own internal system. Well, they've got to be responsible for their own internal system working in time for them to timely file a proof of claim.").

[26] Bankr. R. Doc. No. 107, at 23.

[27] R. Doc. No. 9, at 22.

[28] Bankr. R. Doc. No. 5, at 2.

[29] *Cf.* R. Doc. No. 107, at 15 ("We [debtor and debtor's counsel] weren't working with Bank of America this entire time. We were waiting for their numbers. It came to the bar date and we still didn't have them. We pushed back confirmation because of this. I'm going off my Debtor's advice because I have no other proof as to what it is except what [they're] saying in an objection to confirmation and what my client's saying. Well, without proof I'm going to go with my client, okay.").

## II. Confirmation of the Bankruptcy Plan

Appellant also argues that the bankruptcy court erred in confirming the debtor's plan in light of the dispute over the amount of arrearages.[30] Appellant argues that the plan does not comply with the bankruptcy code because the plan: (1) does not fully cure debtor's default (but rather only accounts for $20,000.00 in arrearages) in violation of 11 U.S.C. § 1322(b)(5);[31] (2) modifies appellant's secured claim on debtor's primary residence in violation of 11 U.S.C. § 1322(b)(2);[32] and (3) ultimately may result in the discharge of a portion of otherwise nondischargeable debt in violation of 11 U.S.C. § 1328(a)(1).[33]

Appellant's argument turns on the proper amount of arrearages—if the bankruptcy court's finding[34] of a $20,000.00 total arrearage is clearly erroneous, then the plan does not comply with the above sections and it was not confirmable pursuant to 11 U.S.C. § 1325.[35]

---

[30] R. Doc. No. 9, at 16-17.
[31] "[T]he plan may . . . notwithstanding paragraph (2) of this subsection, provide for the curing of any default within a reasonable time and maintenance of payments while the case is pending . . . ." 11 U.S.C. § 1322(b).
[32] "[T]he plan may . . . modify the rights of holders of secured claims, *other than* a claim secured only by a security interest in real property that is the debtor's principal residence . . . ." 11 U.S.C. § 1322(b) (emphasis added).
[33] "[A]s soon as practicable after completion by the debtor of all payments under the plan, . . . the court shall grant the debtor a discharge of all debts provided for by the plan . . . except any debt . . . provided for under section 1322(b)(5) . . . ." 11 U.S.C. § 1328(a).
[34] Appellant argues that the bankruptcy court did not actually make a finding as to the amount of arrearages the debtor owes. *See* R. Doc. No. 25, at 1. Appellant contends that this failure runs afoul of *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260 (2010), in which the Supreme Court noted that 11 U.S.C. § 1325(a) "*requires* bankruptcy courts to address and correct a defect in a debtor's proposed plan even if no creditor raises the issue." *Id.* at 277 n.14.
   The bankruptcy court overruled appellant's objection, *see* Bankr. R. Doc. No. 107, at 23-24, and it found "that the plan filed in this case . . . complies with 11 U.S.C. § 1325," Bankr. R. Doc. No. 89. By overruling appellant's objection and confirming the plan, the bankruptcy court implicitly (if not explicitly) found that the amount of arrearages in the debtor-filed proof of claim was adequate and, as stated below, such a finding was not clearly erroneous based on the record that was before the court.
[35] "[T]he court shall confirm a plan if . . . the plan complies with the provisions of this chapter and with the other applicable provisions of this title . . . ." 11 U.S.C. § 1325(a).

However, if the finding that debtor was $20,000.00 in arrears is *not* clearly erroneous, then the plan complies with the bankruptcy code and it was properly confirmed.

Appellant filed two objections to confirmation, first asserting that debtor was in default with $49,831.98 in arrears,[36] and later asserting that the arrearage was $50,589.96.[37] Appellant attached the mortgage and note to each of the objections,[38] but it did not include with its objections any documentation related to past-due or missed payments.[39]

Having rejected appellant's request to untimely file an amended proof of claim, the bankruptcy court was not presented with any evidence to support appellant's asserted amount of arrearages other than appellant's bare assertions. On the other hand, "[a] proof of claim executed and filed in accordance with these rules shall constitute prima facie evidence of the validity and amount of the claim." Fed. R. Bankr. P. 3001(f); *see* 11 U.S.C. § 502(a) ("A claim or interest, proof of which is filed under section 501 of this title,[40] is deemed allowed, unless a party in interest . . . objects.").[41] The mortgage and note, which were the only documents attached to

---

[36] Bankr. R. Doc. No. 23, at 2.

[37] Bankr. R. Doc. No. 49, at 2.

[38] Bankr. R. Doc. Nos. 23-2, 23-3, 49-1, 49-2.

[39] Such documentation was only included with appellant's proposed amended proof of claim. *See* Bankr. R. Doc. No. 76, at 4-11.

[40] "A creditor or an indenture trustee may file a proof of claim. . . . If a creditor does not timely file a proof of such creditor's claim, the debtor or the trustee may file a proof of such claim." 11 U.S.C. § 501(a)-(c).

[41] As stated, appellant does not contend that it objected to the proof of claim filed by debtor on its behalf. However, appellant asserts that "[t]he proof of claim filed and executed by Debtor's counsel included no supporting documentation, and at the hearing on plan confirmation, counsel for the Debtor[] admitted that the $20,000 was nothing more than a guess." R. Doc. No. 9, at 17.

"An assertion that a proof of claim is not supported by documentation, standing alone, is never sufficient to support an objection to a proof of claim." *In re Falwell*, 434 B.R. 779, 784 (Bankr. W.D. Va. 2009). The documentation requirements listed in Rule 3001(c) of the Bankruptcy Rules "do[] not create an independent ground for claim disallowance because failure to comply is an evidentiary defect that only deprives a claim of its *prima facie* validity." *In re MacFarland*, 462 B.R. 857, 880 (Bankr. S.D. Fla. 2011); *see also In re Hilton*, No. 12-61102, 2013 WL 6229100, at *5 (Bankr. W.D. Va. Dec. 2, 2013); *cf.* Fed. R. Bankr. P. 3001(c)(1),

appellant's objections, say nothing about the total amount and timing of any past-due or missed payments, and such evidence does not rebut debtor's assertion in the sworn proof of claim that she filed on appellant's behalf that she was $20,000.00 in arrears. Accordingly, the bankruptcy court did not clearly err in confirming the plan over appellant's objections.

Appellant contends that it was punished for failing to file a proof claim.[42] However, appellant's failure to file a proof of claim is separate from its failure to provide the necessary documentation in support of its objections to the plan. Had appellant attached that information to its objections, the lack of a proof of claim would have been irrelevant because its supporting documentation would have been in the record. The fact that appellant was less than diligent in supporting its objection does not provide a basis for finding clear error on the part of the bankruptcy court which made a permissible ruling based on the evidence it had before it.

---

(2)(C) (providing the documentation requirements for secured claims on the debtor's principal residence).

The proof of claim submitted by debtor on appellant's behalf is a sworn document. *See* Bankr. R. Doc. No. 108, at 2. Even if the debtor-filed proof of claim was not *prima facie* valid, the bankruptcy court was presented with a sworn statement, unrebutted by any evidence provided by appellant in connection with its objection to confirmation. Accordingly, this Court finds that the bankruptcy court's finding was supported by the evidence. *See In re Muller*, 479 B.R. 508, 514 (Bankr. W.D. Ark. 2012) (noting that the burden of proof regarding a claim "may be met on the face of the proof of claim"); *In re Cluff*, 313 B.R. 323, 338 (Bankr. D. Utah 2004) ("[A] claim that contains undisputed or unchallenged evidence on its face still presents evidence of a right to payment or to an equitable remedy.").

[42] R. Doc. No. 9, at 17.

## CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that the bankruptcy court's rulings are **AFFIRMED**. Judgment shall be entered in favor of appellee, Tiffany Stevens Walker, **DISMISSING** the consolidated appeal filed by appellant, Bank of America NA.

New Orleans, Louisiana, February 6, 2015.

_____
LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE